UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | 3:14-CR-2-RLJ-CCS |
| ) | |
| JOSEPH A. JACKSON, ) | |
| Also known as Joey Jackson ) | |

## AGREED PRELIMINARY ORDER OF FORFEITURE

On January 14, 2014, an Indictment was filed in the above-referenced case charging defendant, JOSEPH A. JACKSON, a/k/a Joey Jackson, with conspiracy to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846, and 841(b)(1)(A) (Count One).

In the Forfeiture Allegations of the Indictment, the United States sought forfeiture pursuant to 21 U.S.C. § 853 of the defendant's interest in any and all property used, and intended to be used, to commit, and to facilitate the commission of a violation of 21 U.S.C. §§ 841 and/or 846, and any and all property constituting and derived from any proceeds obtained, directly and indirectly, as a result of a violation of 21 U.S.C. §§ 841 and/or 846, including, but not limited to the following properties:

Personal Property:

a. A 1990 Peterbilt Tractor Truck, Aluminum/Silver in color, with a Tennessee registration number J112955, and Vehicle Identification Number 1XP5DB9X1LN295735; and

b. A 1989 Barrett livestock trailer, gray in color, with a Tennessee registration number, T979466, and Vehicle Identification Number 1B9L50208K1014180.[1]

---

[1] Following the indictment of the Barrett livestock trailer, it was discovered defendant, Joseph Jackson had replaced the Barrett livestock trailer with a 2000 Merritt livestock trailer. The 2000 Merritt livestock trailer was seized on January 24, 2014, pursuant to a seizure warrant.

Real Property:[2]

        Real property known and numbered as **5745 Dodson Ferry Road, Russellville, TN 37860**, with all appurtenances, improvements, and attachments thereon, is more fully described as:

        SITUATE in the Third (3rd) Civil District of Hamblen County, Tennessee, and being more particularly described as follows, to-wit:

        BEGINNING at an iron pin in the northern edge of High Street, corner to the lot conveyed on or about June 6, 1970 to Joe Carmichael; thence with the line of Joe Carmichael N 34 deg 09 min W 118.5' to a stake, corner to the lot conveyed that date to Johnny Carmichael; thence with the line of Johnny Carmichael S 56 deg 43 min W 247', more or less, to a stake in the edge of a private drive; thence with said private drive S 34 deg 35 min E 118.5' to a stake in the edge of High Street; thence with High Street N 56 deg 43 min E 246' to the point of BEGINNING, and being designated as Lot No. 1 on the survey of P.P. Neblett dated July 27, 1968.

        FOR REFERENCE, see the following:

        1. The subject property is part of the property conveyed to Florence Carmichael by deed of W.E. Barnard, et ux, dated February 9, 1943 and recorded in Deed Book 69, Page 125, in the office of the Register of Deeds for Hamblen County, Tennessee. Florence Carmichael died intestate and was survived by Laura Jackson (the same person as the grantor herein), Johnny Carmichael and Joe Carmichael, as sole heirs at law.
2. By deed dated June 6, 1970, the other two heirs at law, Joe Carmichael and Johnny Carmichael, conveyed a 2/3 undivided interest in the subject property to the grantor herein, Laura Carmichael Jackson, of record in Deed Book 197, Page 148, in said Register's office. The grantor herein was married to Wayne Jackson at the date of that conveyance; he thereafter died; she has not remarried.

        Being that property conveyed unto JOSEPH JACKSON, by Quitclaim Deed of Laura Carmichael Jackson, dated September 24, 1994, and of record in Warranty Deed Book 418, page 0004, in the Office of Register of Deeds, Hamblen County, Tennessee.

On August 19, 2014 a Plea Agreement was filed in the above-referenced case in which the defendant, JOSEPH A. JACKSON, pled guilty to a lesser-included offense of Count One,

---

[2] The United States will not be pursuing forfeiture of this real property.

2

conspiracy to distribute 5 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B), and agreed to immediately and voluntarily forfeit any and all assets and property, or portions thereof, which are in the possession or control of the defendant or the defendant's nominees that were used and intended to be used in any manner or part to commit and to facilitate the commission of the violations of 21 U.S.C. §§ 846, and/or any and all assets and property, or portions thereof, subject to forfeiture as proceeds of the defendant's criminal activities which are in the possession or control of the defendant or the defendant's nominees, and agreed to forfeit the Personal Property listed as (a) and (b) above.

On August 25, 2014, this Court accepted the guilty plea of the defendant, JOSEPH A. JACKSON, and by virtue of the guilty plea and conviction, the Court determined that the properties described above are subject to forfeiture pursuant to 21 U.S.C. § 853, and that the United States has established the requisite nexus between the properties and the offenses. Further the United States is now entitled to seize the properties, pursuant to 21 U.S.C. § 853(g), and Rule 32.2(b) of the Federal Rules of Criminal Procedure.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED:

1. That based upon the conviction of the defendant, JOSEPH A. JACKSON, a/k/a Joey Jackson, for offenses in violation of 21 U.S.C. §§ 846, and 841(b)(1)(B), the United States is hereby authorized to seize the following properties, and the same are hereby forfeited to the United States for disposition in accordance with law, pursuant to 21 U.S.C. § 853 and Rule 32.2(b) of the Federal Rules of Criminal Procedure:

Personal Property:

    a. A 1990 Peterbilt Tractor Truck, Aluminum/Silver in color, with a Tennessee registration number J112955, and Vehicle Identification Number 1XP5DB9X1LN295735; and

3

b. A 2000 Merritt livestock trailer, Model 1MT, with a Tennessee registration number, U197998, and Vehicle Identification Number 1MT2N5023YH012589.

2. That the aforementioned forfeited properties are to be held by the United States Marshals Service or its designated agency in its secure custody and control.

3. Pursuant to Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States hereby gives notice of its intent to dispose of the forfeited properties in such a manner as the Attorney General may direct. Any person other than the defendant, having or claiming a legal interest in any of the above-listed forfeited properties must file a petition with the Court within sixty (60) days from the first day of publication of this Notice on the official United States Government internet website, which is www.forfeiture.gov.

4. The notice shall also state that the petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the properties shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the properties, the time and circumstances of the petitioner's acquisition of the right, title and interest in the properties and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person, as a substitute for published notice as to those persons so notified.

5. That upon adjudication of all other or third-party interests in the properties, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853, in which all interests will be addressed.

4

6. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to the Federal Rules of Criminal Procedure 32.2(e).

7. That the Clerk of this Court shall provide a certified copy of this Order to the United States Marshals Service, and to the United States Attorney's Office.

ENTER:

R. LEON JORDAN
UNITED STATES DISTRICT JUDGE

Presented by:

WILLIAM C. KILLIAN
United States Attorney

By: CARYN L. HEBETS
Assistant United States Attorney

JOSEPH A. JACKSON
Defendant

RUSSELL T. GREENE
Attorney for defendant

5