UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.: 3:14-CR-002 |
| | ) | |
| JOSEPH A. JACKSON | ) | |

## **O R D E R**

In November 2014, this Court sentenced the defendant to a term of imprisonment of 60 months for conspiring to distribute methamphetamine. Now before the Court is the defendant's *pro se* motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines ("U.S.S.G.") Amendment 782. [Doc. 1070]. Also before the Court is the defendant's *pro se* "Motion for Leave to Amend Defendant's Pending Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 in Light of Recently Promulgated Amendment 794 to the United States Sentencing Guidelines" [doc. 1038], which the Court construes as a motion for sentence reduction under 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 794.

Amendment 782, which became effective on November 1, 2014, revised the guidelines applicable to drug-trafficking offenses by reducing the offense levels assigned to the drug and chemical quantities described in guidelines 2D1.1 and 2D1.11. *See* U.S.S.G. app. C, amend. 782 (2014). Amendment 788, which also became effective on November 1, 2014, identified Amendment 782 as retroactive. *See id.*, amend. 788.

District courts have discretion to reduce the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has

subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). In the present case, the defendant has already benefitted from Amendment 782 because the Court applied that amendment at sentencing, thereby reducing the total offense level by two and reducing the advisory guideline range from 87 to 108 months down to 70 to 87 months. *See* Statement of Reasons, p.1. The defendant therefore was not sentenced based on a guideline range that has subsequently been lowered, and he is not entitled to further relief under Amendment 782.

Amendment 794 went into effect on November 1, 2015, altering Application Note 3(A) of U.S.S.G. § 3B1.2 and adding a list of factors to Application Note 3(C). Guideline 3B1.2 allows the court to reduce the offense level of a defendant who was a "minimal" or "minor" participant in the offense of conviction. Amendment 794 "provides additional guidance to sentencing courts in determining whether a [3B1.2] mitigating role adjustment applies." U.S.S.G. app. C, amend. 794 (2015).

The present defendant was sentenced before Amendment 794 went into effect, but that fact is not dispositive. Again, section 3582(c)(2) gives district courts discretion to reduce the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*" 18 U.S.C. § 3582(c)(2) (emphasis added).

Relying on *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016), the defendant argues that Amendment 794 should be retroactively applied to his case. The

holding of *Quintero-Leyva* has been adopted by the Sixth Circuit Court of Appeals. *See United States v. Carter*, 662 F. App'x 342, 349 (6th Cir. 2016). However, *Quintero-Leyva* and *Carter* hold only that Amendment 794 applies retroactively to cases on *direct appeal* to an appellate court. *Quintero-Leyva*, 823 F.3d at 523 ("We therefore hold that [Amendment 794] applies retroactively *to direct appeals*.") (emphasis added); *Carter*, 662 F. App'x at 349 ("We agree with [*Quintero-Leyva*] and adopt its reasoning.").

Because the instant defendant's case is not in a posture of direct appeal, *Quintero-Leyva* and *Carter* do not apply. *See, e.g., Klosowski v. United States*, No. 12-cr-20458, 2016 WL 6696023, at *1 (E.D. Mich. Nov. 15, 2016) ("Amendment 794 has not, however, been held to be retroactive on collateral appeal" by *Quintero-Leyva* or *Carter*.); *Johnson v. United States*, Nos. 2:16-cv-528, 2:10-cr-185, 2016 WL 6084018, at *2 (S.D. Ohio October 17, 2016) (*Quintero-Leyva* "did not hold that such [retroactive] relief [under Amendment 794] is available on collateral review, and other courts have concluded that it is not.") (citations omitted).

Guideline 1B1.10 is a policy statement issued by the Sentencing Commission. Guideline 1B1.10(d) lists the amendments that can be retroactively applied. Amendment 794 is not on that list. A sentence reduction under Amendment 794 is therefore not "consistent with applicable policy statements issued by the Sentencing Commission," and the defendant is not entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2). *See, e.g., Johnson*, 2016 WL 6084018, at *2 ("Amendment 794 is not retroactively applicable on collateral review. U.S.S.G. § 1B1.10 lists those Guidelines amendments that have

3

been made retroactively applicable to defendants on collateral review, and Amendment 794 is not listed.") (citations omitted).

Next, the defendant's citation to *Hughes v. United States*, 138 S. Ct. 1765 (2018), is of no assistance. In that case, the Supreme Court ruled that Hughes was not categorically ineligible for § 3582(c)(2) relief merely because he had entered into a Rule 11(c)(1)(C) plea agreement. The present defendant, unlike Hughes, did *not* sign a Rule 11(c)(1)(C) plea agreement. [Doc. 624, p.5]. *Hughes*, therefore, is inapplicable here.

Lastly, the defendant's citation to *Pepper v. United States*, 562 U.S. 476 (2011), is also of no avail. In *Pepper*, the Supreme Court held "that <u>when a defendant's sentence has been set aside on appeal</u>, a district court <u>at resentencing</u> may consider evidence of the defendant's postsentencing rehabilitation . . . ." *Id.* at 481 (emphasis added). The present defendant is not before this court for resentencing. *Pepper* does not authorize motions for reconsideration of a valid sentence. *See, e.g., United States v. Dorsey*, No. 3:11-CR-077, 2013 WL 322254, at *3 (E.D. Tenn. Jan. 28, 2013).

For all these reasons, the defendant's pending § 3582(c)(2) motions [docs. 1038, 1070] are **DENIED**.

      **IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge