UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JOSEPH A. JACKSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Nos. 3:14-CR-002 |
| ) | 3:15-CV-538 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

Joseph A. Jackson ("petitioner") has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 984]. For the reasons that follow, the Court will deny his motion.

**I. BACKGROUND**

On January 14, 2014, a 25-count indictment was filed which charged petitioner and 25 other defendants with various offenses involving methamphetamine. Petitioner and the co-defendants were charged in Count One with conspiring to distribute 50 or more grams of methamphetamine. He was charged in Counts Two and Three with distributing less than 5 grams of methamphetamine on two different dates, and in Count Seven with distributing more than 5 grams of methamphetamine on yet another date. Count Twenty-Three charged petitioner with being an unlawful drug user and addict in possession of a firearm, and Count Twenty-Four charged him with possessing a firearm

in furtherance of the drug conspiracy charged in Count One. The indictment also alleged that petitioner used his Peterbilt tractor truck and a livestock trailer to commit or facilitate the commission of the drug trafficking offenses, and that those items should therefore be forfeited. Attorney Russell Greene of the Criminal Justice Act Panel was appointed to represent petitioner.

On August 18, 2014, petitioner and his attorney signed a plea agreement which was filed the following day.[1] In that agreement, petitioner pleaded guilty to a conspiracy to distribute 5 grams or more of methamphetamine, a lesser included offense within Count One. Petitioner acknowledged in that plea agreement that that he conspired with at least one other person to distribute 46 grams of methamphetamine, stating that he obtained the drugs from co-defendant Lynn which he subsequently distributed, and that he also facilitated the distribution of methamphetamine from co-defendants to other people. The plea agreement described with particularity a series of methamphetamine transactions in which petitioner engaged. Petitioner also acknowledged in the plea agreement that he used his Peterbilt truck and livestock trailer to facilitate his drug trafficking.

For its part, the government dismissed all other charges in the indictment, and agreed that it would not oppose a two-level reduction in petitioner's offense level for acceptance of responsibility. Further, it agreed to move for an additional one-level reduction in the event his offense level was 16 or higher.

---

[1] Doc. 624.

Petitioner's change of plea hearing was held on August 25, 2014.[2] At that hearing, petitioner confirmed that he was guilty of the offense as described in the plea agreement.

Using the 2014 version of the United States Sentencing Guidelines ("USSG"), the Probation Office calculated petitioner's guideline range to be 70 to 87 months.[3] Neither petitioner nor the government filed any objection to the Presentence Report.

Petitioner's sentencing hearing was held on November 20, 2014. This Court sentenced petitioner to the statutory minimum 60 months' imprisonment, a variance of ten months below the bottom of the guideline range.

## II. PETITIONER'S MOTION

Petitioner claims: that his attorney incorrectly advised him that his conduct constituted participation in a conspiracy, and it was only because of that erroneous advice that he pled guilty to Count One; that his attorney failed to object to what he maintains were false statements regarding his possession of a firearm in furtherance of the drug trafficking offense; and that his attorney failed to adequately investigate the facts surrounding what he argues was the unjustified forfeiture of his Peterbilt tractor.

## III. STANDARD OF REVIEW

This Court must vacate and set aside petitioner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the

---

[2] Doc. 643.
[3] Doc. 816.

judgment vulnerable to collateral attack, . . ." 28 U.S.C. § 2255. Under Rule 4 of the Governing Rules, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveal the movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, the Court may summarily dismiss the § 2255 motion under Rule 4.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996). An evidentiary hearing is required if the defendant-petitioner presents factual allegations unless those allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of facts. *Martin v. United States*, No. 16-3864, 2018 WL 2186782, at *3 (6th Cir. May 14, 2018) (citing *MacLloyd v. United States*, 684 F. App'x 555, 559 (6th Cir. 2017)).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); *see also*

*United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F. 2d 1039, 1041 (6th Cir. 1978). To warrant relief for a non-constitutional error, petitioner must show a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

When a § 2255 petitioner claims he was denied his Sixth Amendment right to effective assistance of counsel, it is noted that an attorney is presumed to have provided effective assistance, and the petitioner bears the burden of showing that the attorney did not. *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003). Petitioner must prove that specific acts or omissions by his attorney were deficient and that the attorney failed to provide "reasonably effective assistance," *Strickland v. Washington*, 466 U.S. 668, 687 (1987), which is measured by "prevailing professional norms," *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). "[T]he constitutional right at issue here is ultimately the right to a fair trial, not to perfect representation." *Smith v. Mitchell*, 348 F.3d. 177, 201 (6th Cir. 2003 (citing *Strickland*). If a petitioner crosses this evidentiary hurdle, he must then show "a reasonable probability that, but for [the attorney's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. In other

words, a petitioner must show that he was actually prejudiced by the attorney's deficient representation:

Further, to succeed on an ineffective assistance claim, a petitioner must show that counsel's deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. "[A court's] review of counsel's performance is "highly deferential." *Id*. at 689. "[The court must] judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. The defendant "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* To establish "prejudice," a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86 (2011). And, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed." *Strickland*, 466 U.S. at 697.

## IV. ANALYSIS

Petitioner first argues that he never conspired with those who sold drugs. He says that he only purchased methamphetamine for his own use from the confidential informant, a fact which he alleges would have been brought to light if his attorney had properly investigated the matter.

The plea agreement described numerous incidents of petitioner arranging the distribution of methamphetamine by co-defendants to other individuals, including informants; it recited that petitioner personally sold methamphetamine; it stated that petitioner admitted to law enforcement agents after his arrest that over time he had used his truck tractor to deliver methamphetamine to various people; and most importantly he admitted in the plea agreement that he had distributed approximately 46 grams of methamphetamine during the conspiracy.

A conspiracy is a plan or agreement between two or more people to commit a crime. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1867 (2017). To establish a drug conspiracy under 21 U.S.C. § 846, the government must prove "that a conspiracy existed, that the accused knew of the conspiracy, and that he knowingly and voluntarily joined it." *United States v. Barrett*, 933 F.2d 355, 359 (6th Cir. 1991) (quoting *United States v. Christian*, 786 F.2d 203, 211 (6th Cir. 1986)). Although a conspiracy requires an agreement between at least two people, proof of a formal agreement is not necessary since "a tacit or material understanding among the parties" is sufficient. *United States v. Pearce*, 912 F.2d 159, 161 (6th Cir. 1990). "A conspiracy may be inferred from circumstantial evidence that can reasonably be interpreted as participation in the common plan." *United States v. Bavers*, 787 F.2d 1022, 1026 (6th Cir.1985). The government need not show that a defendant participated in all aspects of the conspiracy; it need only prove that the defendant was a party to the agreement to commit the crime. *United States v. Price*, 258 F.3d 539, 544 (6th Cir. 2001). Further, the connection between the defendant and the conspiracy need only be slight. *Id.*

The facts set out in the plea agreement established that petitioner conspired with other defendants to distribute methamphetamine. It is of no significance that he did not know the identities of all the other conspirators, or that his involvement in the conspiracy was less than some of the other co-defendants. He swore to this Court that the facts set out in the plea agreement were true. Those facts clearly established that petitioner was part of a conspiracy to distribute methamphetamine. In his motion, petitioner is asking for an opportunity to testify to facts which are the polar opposites of those set out in the plea agreement which he signed and filed, and which he confirmed under oath before this Court. He now is attempting to contradict that sworn testimony. In other words, petitioner is asserting that he committed perjury during his change of plea hearing.

"Solemn declarations in open court carry a strong presumption of verity, *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). If it were otherwise, plea colloquies would be meaningless exercises and plea agreements would cease to exist. Nothing about petitioner's demeanor or testimony during his change of plea hearing remotely suggested that he did not fully understand what he was doing or that he was not telling the complete truth. As *Blackledge* holds, petitioner is presumed to have previously told the truth.

It follows that petitioner's attorney did not render inadequate representation by failing to investigate something that did not require investigation. There was no prejudice.

Next, petitioner argues in his motion that the firearm found in his truck was for his "personal protection when traveling in his professional capacity," and was never used in any of the drug trafficking offenses with which he was charged. He claims that his

attorney failed to investigate this issue and, had he done so, the facts "would have revealed the absence of any nexus between the gun and drugs, which in turn would have reduced [petitioner's] Total Offense Level and made his client eligible for the Safety Valve reduction in sentence below the 60 month mandatory minimum which the Court imposed."

To state the obvious, petitioner knew at the time of his change of plea hearing what he now asserts. This claim has the same fatal problem as the first claim: petitioner acknowledged in the plea agreement that he used his truck to deliver drugs, and that a firearm was found in that truck. If the firearm in the truck was a mere coincidence and wholly unrelated to his criminal activity, he could have so advised his attorney and, far more critically, this Court. Yet, he told this Court that he had told his attorney everything he knew about his case, and that his attorney knew all the facts upon which the charges were based.[4] Notwithstanding what he currently argues about the status of the gun, petitioner pled guilty to the offense.

The presence of a firearm in a vehicle used to distribute drugs creates a presumption that the defendant possessed that firearm in furtherance of the drug trafficking offenses, shifting to defendant the burden to show that it was "clearly improbable" that the firearm was related to his drug trafficking. *United States v. Moreno*, 899 F.2d 465, 470 (6th Cir. 1990). Petitioner argues that the gun was in the truck for his personal protection when traveling in his professional capacity. Even assuming that to be true, it is undisputed that a part of that "professional capacity" was the distribution of

---

[4] Doc. 996, p. 4.

methamphetamine. Again, there was nothing for his attorney to investigate. This claim has no merit.

Lastly, petitioner argues that had his attorney properly investigated the matter, he would have learned that the Peterbilt truck tractor was never used in relation to a drug trafficking offense and thus was not subject to forfeiture.

As before, petitioner seeks to contradict his sworn testimony at his change of plea hearing during which he agreed that he used his truck at various times to deliver methamphetamine. After telling him that he likely would be required to forfeit certain property if his guilty plea was accepted, this Court asked him if he still wished to plead guilty. Petitioner answered that he did.[5] Admitting that he used the truck to deliver illegal drugs subjected it to forfeiture. He may not now be allowed to recant his prior sworn testimony.

In light of petitioner's sworn testimony regarding his use of the Peterbilt tractor to deliver methamphetamine, there was nothing for his attorney to investigate and therefore no prejudice.

## V. CONCLUSION

Neither petitioner's conviction nor his sentence was imposed in violation of the Constitution or laws of the United States. His motion [doc. 984] will be DENIED. A judgment in accordance with this memorandum and order will be filed.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated

---

[5] Doc. 996, p. 10 et seq.

a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F. 3d 466 (6th Cir. 2001). The District Court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standard set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.* Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

After reviewing each of petitioner's claims, the Court finds that reasonable jurists could not conclude that petitioner's claims are adequate to deserve further review. Because petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge